(No. 3309—

NED A. BALDING, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 1, 1939.*

TRAPP & TRAPP, for claimant.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant herein seeks payment of One Hundred Forty-Seven ($147.00) Dollars damages alleged to have been suffered because of negligence and carelessness of inmates at the Lincoln State School and Colony.

The claimant alleges that in the 24th day of June, 1938 certain of the inmates of said institution were allowed by the managers thereof to be at large to perform farm labor for the institution; that in order to reach the farm land owned by the institution where they were to perform such labor, the inmates passed from the Home premises to such other land through the premises of the claimant; that in going through such lands, the inmates and patients carelessly, negligently, wilfully, and wantonly cut the wires of the division fence at or near the northeast corner of claimant's premises, leaving a gap of about six feet in width through which about thirty-five head of cattle owned by the Institution entered claimant's land; that they went across the first field and then through

an open gate into a second field where claimant had hybrid corn, that the cattle ate, trampled and otherwise destroyed three and one-half (3½) acres of such corn of the alleged value of One Hundred Forty-seven ($147.00) Dollars.

The Attorney General has moved to dismiss the complaint for the reason that the claim for damages is predicated upon alleged liability of respondent for the careless, negligent, wilful, and wanton conduct on the part of inmates of a charitable institution maintained by the State, for which the State cannot be held legally liable.

The motion has been argued orally and Counsel for claimant has ably presented his theory and argument to distinguish this case from the prevailing rule that—

"The State in the conduct of its penal and charitable institutions is engaged in a governmental function, and in the exercise thereof is not responsible for the negligent acts of its servants, agents, or inmates, in the absence of a statute making it so liable."

Counsel for claimant contends that there is a distinction between the functions of a State or its administrative agencies which are governmental in their character, and those which are proprietary, and that the activity of the State may be in part governmental and in part proprietary; further, that the farm land which was located some distance away from the institution buildings, was owned by the State in its proprietary character; that in farming said land and in using the labor of its institution inmates therefor, the State was acting in a proprietary and not a governmental character; that the State should therefore be liable for any damages that may have resulted from the negligent acts of its employees, or in this case the institutional inmates, who were being sent out to perform such farming operations. Counsel cites the case of *Dr. Johns Hopkins* vs. *Clemson Agricultural College of South Carolina*, 221 U. S. 636. The College was a State Agricultural Institution, the fee being in the State but the corporation, as equitable owner, being in possession. The College constructed a dyke to protect its land, and in so doing damaged the adjoining property. The College was held responsible, and in connection with said citation, counsel further cites cases at page 243 in Volume 35 L. R. A. (N. S.) where the rule is given, that—

"Where State institutions of the character here considered are not regarded strictly as agents of the government performing a governmental function, they are generally held not to be immune from suit."

We have not heretofore nor can we now apply such distinction to the State Penal and Charitable Institutions of the State of Illinois. The care and treatment of such inmates is definitely performed as a governmental function, and while the management of such institutions may see fit to have such inmates engage in various occupations, such activity is recognized as being for the primary purpose of occupying the time of such inmates.

The gravamen of the charge here is not that the State was or was not engaged, in a proprietary sense, in the operation of farming activities, but that inmates of one of its Charitable Institutions have committed a tort. The fact that they were housed on one part of the institutional premises, and were going to another is not material, nor is it material to what work they might be assigned while there. The record does not disclose that such inmates had any right to go on or across claimant's land. Their acts in cutting his fence in order to more freely cross his premises was a tort upon their part for which no redress against the State has ever been provided by our Legislature.

We are therefore confronted with the application of the previously stated rule of law that in the absence of a statute making the State liable, there is no legal liability on the part of the State for the acts of inmates of its State Institutions. There being no legal liability, the Court of Claims would not have authority to allow an award. In creating the Court of Claims the Legislature of Illinois did not create a cause of action nor a right of action in any given case, but merely provided a forum wherein claimants against the State might submit their grievance, and where, if a legal basis for redress was shown to exist, an award might be obtained.

The fact that the Legislature has seen fit to provide such a forum where those who may have a valid claim against the State growing out of contractual and other relations may sue, does not lay the State open to awards being made against it in such Court for the negligent and tortuous acts of its agents, servants or institutional inmates. As stated in the case of *Minear* vs. *State Board of Agriculture,* 259 Ill. at P. 559—

"Even if such authority (the power to be sued in certain cases) was given, it would cover only actions ordinarily incidental in its operation and would not extend to causes of action like the present. There is a distinct difference between conferring suability as to debts and other liabilities for which the State's prison is now liable and extending liability for causes not heretofore recognized."

·We are unable to distinguish the case at bar from the above and from the case of *Wood* vs. *State,* 9 C. C. R. 501, in which an inmate of the State Hospital at Jacksonville, Illinois, escaped and injured a woman on an adjoining farm. An award was therein denied for the reasons herein stated.

In the absence of a specific law providing for liability by the State, no liability would accrue under the facts stated in the pending complaint. The motion of the Attorney General is therefore allowed and the complaint dismissed.